IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-97-TMH |
| | ) | [WO] |
| | ) | |
| DOTHAN CITY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Gregory Forsythe ["Forsythe"], an indigent inmate presently confined in the Houston

County Jail.  In the complaint, Forsythe references an incident which occurred during his

confinement at the Dothan City Jail on October 2, 2010.  Specifically, Forsythe asserts

Sgt.Parker, an officer at the city jail, failed to protect him from attack by fellow inmates

on the aforementioned date.  *Complaint - Doc. No. 1* at 2-3.

Upon review of the instant complaint and in light of the previous decision entered

in *Forsythe v. City of Dothan, et al.*, Civil Action 1:10-CV-1063-ID-WC (M.D. Ala. 2011),

the court concludes this case is due to be summarily dismissed as malicious in accordance

with the provisions of 28 U.S.C.§ 1915(e)(2)(B)(i).[1]

## II.  DISCUSSION

The present complaint is indistinguishable from the complaint previously filed by

the plaintiff in *Forsythe v. City of Dothan,* et al., Civil Action 1:10-CV-1063-ID-WC

(M.D. Ala. 2011).  A federal court is empowered to dismiss a prisoner's *in forma pauperis*

complaint as malicious where earlier and later complaints are substantially identical.  *Cato*

*v. United States*, 70 F.3d 1103, 1105 n. 2 (9ᵗʰ  Cir. 1995) (*in forma pauperis* complaint that

merely repeats pending or previously litigated claims may be considered abusive and

summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State*

*of Colo.,* 121 F.3d 573, 574 (10ᵗʰ Cir. 1997); *Pittman v. Moore,* 980 F.2d 994, 994–995 (5ᵗʰ

Cir. 1993); *Van Meter v. Morgan,* 518 F.2d 366, 368 (8ᵗʰ Cir. 1975); *Bailey v. Johnson,* 846

F.2d 1019, 1021 (5ᵗʰ Cir.1988) (*in forma pauperis* complaint repeating same factual

allegations asserted in earlier case is subject to dismissal as duplicative). "Dismissal of the

duplicative lawsuit ... promotes judicial economy and the comprehensive disposition of

litigation." *Adams v. California*, 487 F.3d 684, 692 (9ᵗʰ Cir. 2007).

In the prior cause of action, this court dismissed the case with prejudice because

Forsythe bypassed the administrative remedy procedure provided by the jail and the remedy

---

[1] The court granted Forsythe leave to proceed *in forma pauperis*. *Court Doc. No. 3*.  A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

no longer existed.  *Forsythe v. City of Dothan, et al.*, Civil Action No. 1:10-CV-1063-ID

(M.D. Ala. 2011) - *Recommendation of the Magistrate Judge* at 2-5, adopted as final

judgment of the court by order of July 29, 2011 (Doc. No. 17).   The circumstances

warranting dismissal are unchanged.  Consequently, the complaint filed by Forsythe in the

instant cause of action is malicious and dismissal of such complaint prior to service of

process is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *Cato*, 70 F.3d at 1105;

*Bailey*, 846 F.2d at 1021.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

plaintiff's complaint be summarily dismissed as malicious pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that on or before August 9, 2012 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE